Dear Rep. Wooton:
Your request for an Attorney General's Opinion has been assigned to me for research and reply.
Specifically, you ask whether the provisions of Act 904 of the 2004 Regular Session authorize the monies which have been collected in the "Shrimp Trade Petition Account" to be used to reimburse the Louisiana Shrimp Association for legal expenses it has incurred on behalf of the State of Louisiana.
As indicated in your request, Act 904 of the 2004 Regular Session authorized the collection of the fees provided for in La.Rev.Stat.56:10(B)(1)(b)(ii) and La.Rev.Stat. 56:305(G). The Act further provides for the deposit of said fees into the "Shrimp Trade Petition Account". Subject to annual appropriation by the legislature, the monies in the Shrimp Trade Petition Account are to be used exclusively for the purposes of promotion and protection of domestic wild-caught shrimp. See
La.Rev.Stat. 56:10(B)(1)(b)(ii).
Under Act 904, the promotion and protection of domestic wild-caught shrimp includes "expenses related to the petition filed by the Southern Shrimp Alliance in December 2003 for the imposition of anti-dumping duties pursuant to Section 731 of the Tariff Act of 1930, as amended."See La.Rev.Stat. 56:10(B)(1)(b)(ii). According to your opinion request, the Louisiana Shrimp Association has incurred substantial legal expenses as a result of ongoing legal issues relating to the Anti-Dumping Trade Action referenced by Act 904.
In addressing the question presented, we are guided by established rules of statutory interpretation and construction. The fundamental question in cases of statutory construction is legislative intent.Succession of Boyter, 99-0761 (La. 1/7/00), 756 So.2d 1122, 1128. Statutes should be interpreted to give effect to all parts of the statute and *Page 2 
should not be given an interpretation that makes any part superfluous or meaningless. Id. at 1129.
La.Rev.Stat. 56:10(B)(1)(b)(ii) specifically provides that the "monies in the fund shall be used exclusively for the purposes of promotion and protection of domestic wild-caught shrimp". Further, it provides that promotion and protection of domestic wild caught shrimp includes "expenses related to the petition filed by the Southern Shrimp Alliance in December 2003 for the imposition of anti-dumping duties pursuant to Section 731 of the Tariff Act of 1930, as amended."
Based upon the language of La.Rev.Stat. 56:10(B)(1)(b)(ii) and the information provided to our office, we believe the funds contained in the Shrimp Trade Petition Account may be used to reimburse the Louisiana Shrimp Association for the legal expenses it has incurred. Act 904 clearly permits use of the funds in question to offset or cover expenses related to the referenced Anti-Dumping Trade Action. Provided the legal expenses incurred by the Louisiana Shrimp Association are related to such action, we are of the opinion that such a use comports with the objects and purposes for which the funds in question were collected. In accord is La.Rev.Stat. 39:704 which provides that the "proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied."
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ MICHAEL J. VALLAN Assistant Attorney General
JDC/MJV/crt